UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| CALVIN C. JAMES,         *Plaintiff*, | ) ) ) | |
| v. | ) ) | Cause No.  3:17-cv-00112 |
| AFNI, INC.,         *Defendant*. | ) ) ) | |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 28 U.S.C. §1331, and 28 U.S.C. §1337(a).

3. Venue is proper in this district under 28 U.S.C. §1391(b)(c) in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff Calvin James (hereinafter "James") is a natural person residing in Madison, Illinois and is a "consumer" as that term is defined by 15 U.S.C. §1692a (3).

5. Defendant AFNI, Inc. ("AFNI") is an Illinois Corporation and "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

6. AFNI regularly attempts to collect debts alleged to be due another.

7. The acts of AFNI alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

8. James incurred a debt with AT&T Mobility (hereinafter "the subject debt").

9. That the subject debt arose out of a transaction in which money, services, or property, which was the subject of the transaction, was primarily for personal, family, and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

10. James allegedly defaulted on the subject debt.

11. On January 24, 2011, James filed a Chapter 13 bankruptcy in the Southern District of Illinois. Subsequently, on May 28, 2015, that Chapter 13 bankruptcy was converted to a Chapter 7 in which the alleged subject debt was included. A copy of the relevant portion of James's Amended Schedule F reflecting the alleged subject debt is attached hereto as "Exhibit A".

12. On September 10, 2015, James received on Order of Discharge in his Chapter 7 bankruptcy proceeding. A copy of said Order of Discharge is attached hereto as "Exhibit B."

13. That an unknown time, AFNI acquired the obligation from AT&T Mobility.

14. That on February 6, 2016, AFNI attempted to collect on the nonexistent and discharged debt via a letter to James. A copy of said collection letter is attached hereto as "Exhibit C."

15. Subsequent to the aforementioned letter, AFNI began making calls to James in an attempt to collect the debt despite James revocation of consent and notification of his bankruptcy discharge.

16. That as a result of AFNI's acts James has experienced out of pocket expenses and emotional distress due to fear that his bankruptcy had not absolved him of his pre-bankruptcy debt obligation, including the alleged subject debt herein.

## CAUSE OF ACTION

17. James repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

18. The conduct of AFNI as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

19. AFNI violated one or all of 15 U.S.C §1692e, 15 U.S.C. §1692e (2), 15 U.S.C. §1692f, and 15 U.S.C §1692f (1) by stating that Plaintiff owed $1,224.24 for the alleged subject debt, despite the debt being discharged.

20. AFNI violated the "discharge injunction" as set forth at 11 U.S.C. § 524o by attempting to collect on the alleged subject debt despite it being included in and discharged by James's Chapter 7 bankruptcy proceedings.

## JURY DEMAND

21. Please take notice that Plaintiff demands trial by jury in this action.

WHEREFORE, Plaintiff Calvin C. James prays that judgment be entered against Defendant AFNI, Inc. and for:

a.) Plaintiff's actual damages;

b.) Statutory damages against AFNI pursuant to 15 U.S.C. § 1692k; and

c.) Reasonable attorney's fees and costs against AFNI pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, Indiana 46060
Ph. (317) 203-3000
tcohron@bhclegal.com